UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
STEPHON PIERRE,

                                Plaintiff,

                    -v-

THE CITY OF NEW YORK, New York City Police
Department Officer ("P.O.") JACK DAGNESE,
P.O. IVAN KOVAL, Sergeant NIKOLAOS
STEFOPOULOS, Detective DAVID LUPPINO, and
JOHN DOES 1-2, in their individual capacities,

                                Defendants.
---------------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 18 Civ. 6509

      Plaintiff Stephon Pierre, through his attorney Gillian Cassell-Stiga of Beldock Levine & Hoffman, LLP, as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendent claims under the laws of the State of New York.

2. Plaintiff Stephon Pierre's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis seized, detained, arrested, and searched him. By reason of defendants' actions, including their unreasonable and unlawful searches and seizures, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. As authorized by New York General Municipal Law § 50-e, Mr. Pierre filed a timely Notice of Claim with the New York City Comptroller on or about September 8, 2017. Thus, this Court has supplemental jurisdiction over Mr. Pierre's claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7. Mr. Pierre's claims have not been adjusted by the New York City Comptroller's Office.

8. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

9. Plaintiff Stephon Pierre ("Pierre") is and was at all times relevant to this action, a resident of Richmond County in the State of New York.

10. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. New York City Police Department Officer ("P.O.") Jack Dagnese, P.O. Ivan Koval, Sergeant ("Sgt.") Nikolaos Stefopoulos, Detective ("Det.") David Luppino, and JOHN DOES 1-2 (referred to collectively as the "Individual Defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. The Individual Defendants are being sued in their individual capacities.

13. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

14. The Individual Defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

15. At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

16. The true name and shield number of defendant P.O. John Does are not currently known to the plaintiff.[1]  However, they were employees or agents of the NYPD on the date of the incident. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k.  The Law Department, then, is hereby put on notice (a) that plaintiff

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

3

intends to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants becomes known and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

17. On August 30, 2017, at approximately 7:00 p.m., Stephon Pierre was unlawfully arrested by P.O. Jack Dagnese, P.O. Ivan Koval, Sgt. Nikolaos Stefopoulos, Det. David Luppino, and JOHN DOES 1-2 at 176 Schmidts Lane in Richmond County in the State of New York.

18. Shortly before his arrest, Mr. Pierre exited his building to speak with a friend who had pulled in front of Mr. Pierre's residence in a vehicle.

19. Mr. Pierre entered his friend's vehicle, spoke with his friend, and exited the vehicle.

20. Mr. Pierre entered his building.

21. Mr. Pierre was grabbed by the Individual Defendants who accused him of buying narcotics.

22. Mr. Pierre was brought outside of his building in the Individual Defendants' custody.

23. The Individual Defendants searched the vehicle outside.

24. The Individual Defendants held up an empty plastic bad and stated "cuff em."

25. There was nothing inside the bag.

26. Mr. Pierre was placed in handcuffs by the Individual Defendants and then into a van.

27. The Individual Defendants drove Mr. Pierre around for approximately six hours. During this time Mr. Pierre was take to both to the 120th precinct and to the 122nd precinct, was fingerprinted and searched multiple times, and yet was not processed for his arrest until after 3:00 a.m. the following day.

28. The arrest and charges initiated against Mr. Pierre were based on the materially false statements submitted by the Individual Defendants. The Individual Defendants were aware

they did not have probable cause for Mr. Pierre's arrest. Mr. Pierre had committed no crime or violation.

29. On August 31, 2017, Mr. Pierre was released without going before a judge.

30. Mr. Pierre received a letter from the District Attorney's Office of Richmond County, informing him that prosecution had been declined.

31. As a result of his handcuffing and arrest, Mr. Pierre experienced pain, suffering, mental anguish, and humiliation.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
(*Against the Individual Defendants*)

32. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the use of excessive force against his person; (d) right to fair trial and due process under the law and freedom from the fabrication of evidence or lodging of false charges against him by police officers; (f) freedom from malicious prosecution; and (g) failure to intervene to prevent the complained of conduct.

34. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS – 42 U.S.C. § 1983
(*Against defendant the City of New York*)

35. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. At all times material to this complaint, defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

37. At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including the Individual Defendants and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the Individual Defendants.

38. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, and Fourteenth Amendments.

39. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST AND FALSE IMPRISONMENT
## UNDER THE LAWS OF THE STATE OF NEW YORK
(*Against all defendants*)

40. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41. By the actions described above, the Individual Defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so, maliciously prosecuted plaintiff, and abused process.

42. The acts and conduct of the Individual Defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43. The conduct of the Individual Defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

44. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

**FOURTH CLAIM FOR RELIEF**
**ASSAULT AND BATTERY**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
(*Against all defendants*)

45. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

46. By the actions described above (namely, forwarding false information to other police officers, resulting in the custodial arrest of plaintiff), the Individual Defendants did inflict assault and battery upon plaintiff. The acts and conduct of Individual Defendants were the

direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

47. The conduct of the Individual Defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

48. As a result of the foregoing, Plaintiff suffered emotional distress, humiliation, and was otherwise damaged and injured.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION
## UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against all defendants)*

49. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50. By the actions described above, the Individual Defendants caused a criminal proceeding to be initiated against Plaintiff, even though there was no probable cause for an arrest or prosecution in this matter. The Individual Defendants maliciously caused this prosecution to be initiated in that they knew there was no probable cause for such prosecution and that they further wished to harm and punish Plaintiff for illegitimate reasons and to cover for the Individual Defendants' misdeeds. The criminal case against Plaintiff was terminated in his favor in that all charges were dismissed.

51. The conduct of the Individual Defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with

and/or invoking state power and/or authority, and, as a result, defendant City is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

52. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

**SIXTH CLAIM FOR RELIEF**
**NEGLIGENCE**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
(*Against all defendants*)

53. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54. Defendants owed a duty of care to Plaintiff to prevent the physical, mental, and economic damages sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

55. Defendants jointly and severally, negligently caused injury, pain and suffering, emotional distress, and damage to Plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

56. Defendant City negligently hired, screened, retained, supervised, and trained the individuals defendants.

57. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

## SEVENTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## UNDER THE LAWS OF THE STATE OF NEW YORK
**(*Against all defendants*)**

58. Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

59. By the actions described above, defendants engaged in extreme and outrageous conduct, which negligently caused severe emotion distress to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

## EIGHTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## UNDER THE LAWS OF THE STATE OF NEW YORK
**(*Against all defendants*)**

61. Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

62. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally caused severe emotion distress to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

### NINETH CLAIM FOR RELIEF
### RESPONDEAT SUPERIOR LIABILITY
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against the City of New York*)

64. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

65. The conduct of the Individual Defendants as alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as police officers and/or while they were acting as agents and employees of the City of New York and, as a result, the City of New York, is liable to the plaintiff pursuant to state common law doctrine of respondeat superior.

66. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

### JURY DEMAND

67. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation; and

b. That he be awarded punitive damages against the Individual Defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

11

Dated: New York, New York
November 15, 2018

                                              Respectfully submitted,

By: _____
Gillian Cassell-Stiga
Beldock Levine & Hoffman LLP
*Attorneys for the Plaintiff*
99 Park Avenue, PH/26th Floor
New York, New York 10016
t: 212-277-5824
e: gcassell@blhny.com